

# Fourth Court of Appeals
## San Antonio, Texas

July 11, 2018

No. 04-18-00449-CR

Alberto M. **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR5048
Honorable Catherine Torres-Stahl, Judge Presiding

# O R D E R

In 2012, Appellant pled nolo contendere to the charge of injury to a child fourteen-years-of-age or younger, knowingly causing serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.04(a)(1) (West Supp. 2017). The trial court fined Appellant $1,500.00 and sentenced him to confinement in the Texas Department of Criminal Justice—Institutional Division for fifteen years. The trial court imposed the sentence on July 27, 2012.

The record indicates Appellant did not timely file a motion for new trial or any other postjudgment motion that would extend the appellate timetable. *See* TEX. R. APP. P. 22.5, 26.2(a).

On June 15, 2018, Appellant filed a "Request for a Certificate of Appealability" and stated "[n]ew evidence has come into being since my conviction, and I would like a chance to argue it."

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely motion for new trial, a defendant's notice of appeal is timely filed if it is filed within thirty days after (1) the day sentence is imposed or suspended in open court, or (2) the day the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2; *Olivo*, 918 S.W.2d at 522. In this case, the appellate record shows Appellant's notice of appeal was not timely filed.

A late notice of appeal may be considered timely and invoke a court of appeals' jurisdiction if it meets the following requirements:

(1) it is filed within fifteen days of the last day allowed for filing,

(2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and

(3) the court of appeals grants the motion for extension of time.

*Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

We ORDER Appellant to show cause in writing within TWENTY DAYS of the date of this order why this appeal should not be dismissed for want of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *Ater*, 802 S.W.2d at 243. If Appellant fails to respond as ordered, this appeal will be dismissed for want of jurisdiction without further notice.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of July, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court